## W. D. Smidt, Defendant in Error, v. J. C. Dubois, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

### Statement of the Case.

Action by W. B. Smidt against J. C. Dubois to recover $1,000 claimed to be due on an open account for sawing lumber and hauling. The declaration consisted of the common counts and the plea was the general issue. There was a verdict and judgment in favor of plaintiff for $545.95. To reverse the judgment, defendant prosecutes error.

JOHN FULLER, L. E. STONE and W. F. GRAY, for plaintiff in error.

A. F. MILLER and E. B. MITCHELL, for defendant in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 255*—*when book of account admissible.* In an action on an open account for sawing and hauling lumber for defendant, plaintiff's account book *held* properly admitted in evidence, where he testified that the entries were true and just and that they were made each day at the mill on a board as the sawing was done and each evening transferred on the book.

2. TRIAL, § 71*—*effect where witness has violated rule excluding witnesses.* Ordinarily the party complaining should not be deprived of the testimony of a witness because the latter has violated a rule

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

excluding witnesses from the court room; the witness should be punished for contempt.

3. TRIAL, § 71*—*discretion of court in permitting a witness to testify after violation of rule excluded witnesses.* Action of trial court in refusing to allow a witness to testify after he violated a rule excluding witnesses from the court, *held* not an abuse of discretion.

4. APPEAL AND ERROR, § 1491*—*when exclusion of testimony harmless.* Refusal to permit a witness to testify, *held* not reversible error where his offered testimony was in regard to a written schedule, and the schedule itself was the best evidence, and the failure to produce the schedule was unaccounted for.

5. APPEAL AND ERROR, § 1512*—*when improper remarks of court harmless.* Remarks of court in refusing defendant to be represented by additional counsel in the case at the close of the examination of the jury, *held* not reversible error.

6. APPEAL AND ERROR, § 1500*—*when limiting number of counsel harmless.* Action of court at the close of examination of the jury in refusing to permit defendant to have other counsel appear for him in the case, *held* not reversible error, where it appeared that the person proposed as additional counsel thereafter took part in the trial and that defendant was ably represented by other counsel.

7. ACCOUNT, ACTION ON, § 2*—*sufficiency of instructions.* Instructions singling out plaintiff's book account and prominently calling the attention of the jury thereto, *held* bad.

8. ACCOUNT, ACTION ON, § 2*—*sufficiency of instruction.* In an action to recover a sum claimed to be due on open account, an instruction eliminating the question of payment as a defense from the consideration of the jury, *held* bad.

9. ACCOUNT, ACTION ON, § 2*—*sufficiency of instruction.* In a suit on an open account, an instruction *held* bad for the reason that it took away from the defendant the benefit of all circumstances proven which would indicate payment.

10. INSTRUCTIONS, § 7*—*when should be accurate.* Where the evidence is in direct conflict, the jury should be accurately instructed as to the law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.